**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| DAVIS TATE, | : | |
| Plaintiff | : | |
| vs. | : | |
| Officer BRANNEN, *et al.*, | : | NO. 5:11-CV-12 (MTT) |
| Defendants | : | **O R D E R** |

Plaintiff **DAVIS TATE**, an inmate at Baldwin State Prison ("BSP"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 on January 11, 2011. His lawsuit arises out of three separate incidents occurring at BSP in late 2010.

By order dated January 25, 2011, the Court directed Plaintiff to answer certain questions and to identify the steps he had taken to exhaust his administrative remedies at BSP with respect to each of his claims (Doc. 5). On February 17, 2011, the Court received Plaintiff's 17-page supplemental complaint, which was rambling, confusing, failed to address the issues in the Court's January 25th order, and did not meaningfully add to his complaint (Doc. 6).

On March 11, 2011, the Court ordered Plaintiff to submit a second supplement that complied with the Court's previous instructions (Doc. 8). The Court's March 11th order included seven specific questions for Plaintiff, as well as an explanation of what Georgia law requires under its grievance process.

Plaintiff submitted two documents totaling 29 pages in response to the Court's March 11th order (Docs. 9 & 10). Plaintiff's responses failed to answer most of the

questions previously asked by the Court and otherwise failed to comply with either of the Court's previous orders. For example, nine of Plaintiff's pages were identical and merely listed individuals without explanation (Doc. 10-1, pp. 1-9). Plaintiff also copied verbatim and submitted information that the Court found on the internet under "Know Your Rights: The Prison Litigation Reform Act (PLRA)" (Doc. 11).

Plaintiff submissions included copies of his grievance-related documents (*e.g,*, informal grievances, formal grievances, and grievance appeal response) (Doc. 11-1). With the exception of one informal grievance, however, all of these documents are dated <u>after</u> the filing of Plaintiff's complaint.

As this Court stated in its March 11th order:

> Under the plain language of 42 U.S.C. § 1997e(a), a prisoner must exhaust administrative remedies <u>before</u> he files a section 1983 lawsuit in this Court. Prisoners must not simply initiate grievances, they must also appeal any denial of relief through all levels of administrative review that comprise the administrative grievance process. **See Woodford v. Ngo**, 126 S. Ct. 2378, 2387 (2006) (Prison Litigation Reform Act requires "proper exhaustion"). Georgia's grievance procedures require that a prisoner file (1) an informal grievance; (2) a formal grievance with his counselor; and (3) an appeal to the Office of the Commissioner. **See e.g., Holley v. Smith** 2010 WL 5671758 (S.D. Ga. Dec. 30, 2010) (describing Georgia's grievance process). The exhaustion requirement is intended to "eliminate unwarranted federal-court interference with the administration of prisons" and allow "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." **Woodford**, 548 U.S. at 93.

Because it is clear from the Plaintiff's submissions that he had not exhausted his administrative remedies prior to initiating this lawsuit, Plaintiff fails to state a claim upon which relief can be granted. Based on the foregoing, Plaintiff's complaint is hereby

**DISMISSED WITHOUT PREJUDICE**.[1]

    **SO ORDERED**, this 1st day of July, 2011.


                                         S/ Marc T. Treadwell
                                         MARC T. TREADWELL, JUDGE
                                         UNITED STATES DISTRICT COURT

cr

---

[1] In **Jones v Bock**, 127 S. Ct. 910, 921 (2007), the Supreme Court held that under the PLRA, exhaustion of administrative remedies is an affirmative defense to be raised by the defendants. If the complaint, on its face, however, indicates that a prisoner's claims are barred by an affirmative defense, the complaint may be dismissed for failure to state a claim upon which relief can be granted. **Clark v. Georgia Bd. of Pardons and Paroles**, 915 F.2d 636, 640-41 (11th Cir. 1990); **see also Anderson v. Donald**, 261 Fed. Appx. 254 (11th Cir. Jan. 8, 2008) (affirming district court's *sua sponte* dismissal of prisoner's section 1983 complaint for failure to comply with the PLRA's mandatory exhaustion requirement), **cert. denied**, 2008 WL 552935 (Mar. 3, 2008).